**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MIRCEA TONEA,

                Plaintiff,

      v.

BANK OF AMERICA, N.A.,

                Defendant.

                                  1:13-cv-1435-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield's Order and Final Report and Recommendation ("R&R") [9] on Defendant Bank of America, N.A.'s Motion to Dismiss [3] and Plaintiff Mircea Tonea's Motion to Remand to State Court [5].

## I.  BACKGROUND

### A.  Procedural History

On March 25, 2013, Plaintiff Mircea Tonea ("Plaintiff"), proceeding *pro se*, filed a lawsuit in the Superior Court of Gwinnett County, Georgia, against Defendant Bank of America, N.A. ("Defendant"), asserting claims arising out of the pending foreclosure and sale of his home. On April 29, 2013, Defendant removed the case to this Court, pursuant to 28 U.S.C. § 1441, on the grounds that

Plaintiff raised federal questions in his Complaint and that the requirements for diversity jurisdiction were met.  On May 6, 2013, Defendant moved to dismiss Plaintiff's Complaint as an impermissible "shotgun" pleading and for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff did not file a response to Defendant's Motion to Dismiss.

On May 14, 2013, Plaintiff moved to remand the case to state court.  On May 31, 2013, Defendant responded in opposition to Plaintiff's Motion to Remand.

On December 18, 2013, Magistrate Judge E. Clayton Scofield issued his R&R, recommending that Plaintiff's Motion to Remand be denied because there is federal jurisdiction over this action.  The Magistrate Judge further recommended that Defendant's Motion to Dismiss be granted and that Plaintiff's action be dismissed with prejudice, because Plaintiff's Complaint fails to comply with the rules of notice pleading, and because it fails to state a claim upon which relief can be granted.[1]  The parties did not object to the R&R.

---

[1] The Magistrate Judge also granted Defendant's Motion to Stay Pre-trial Deadlines [4] and Defendant's Motion to Strike Plaintiff's addendum [8].

B.    Facts[2]

Plaintiff asserts claims against Defendant under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.  (R&R at 7.)  Plaintiff also attempts to assert a claim under the Home Affordable Modification Program ("HAMP"), 12 U.S.C. § 5219a.

Plaintiff's Complaint is a form complaint used by many other homeowners, and it is rambling, ambiguous, and confusing.  The Complaint is composed mainly of conclusory statements regarding Defendant's alleged wrongdoing in issuing Plaintiff a home loan and in foreclosing on the property.  Plaintiff appears to allege that he executed a promissory note in favor of non-party Home Funds Direct ("HFD"), and that he executed a security deed, naming Mortgage Electronic Registration Systems ("MERS"), "solely as a nominee for [HFD] and [HFD's] successors and assigns."  (R&R at 3.)  It appears that MERS subsequently assigned the security deed to Defendant, but Plaintiff does not allege this fact clearly.  (Id.)

---

[2] The facts are taken from the R&R and the record.  The parties have not objected to any facts set out in the R&R, and finding no plain error in the Magistrate Judge's factual findings, the Court adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

The Magistrate Judge construed the Complaint in the light most favorable to Plaintiff and identified five possible theories Plaintiff may have attempted to allege: (i) Defendant lacks standing to foreclose on Plaintiff's property because it does not possess the original promissory note; (ii) MERS does not have the authority to transfer the power of sale contained in the security deed and that securitization of the loan was improper; (iii) HFD did not lend Plaintiff money, therefore no debt existed, and, thus, no default occurred; (iv) the non-judicial foreclosure of the property violates the First, Fifth, Seventh, and Ninth Amendments to the United States Constitution; and (v) Defendant violated RESPA, the FDCPA, HAMP, and TILA.  (Id. at 10.)  Plaintiff seeks $74,950 in compensatory damages, rescission of his $189,000 mortgage, punitive damages, and attorney's fees.  (Id. at 9.)

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or

specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).  No objections to the R&R were asserted, and the R&R is reviewed for plain error.

      B.    <u>Analysis</u>

          1.    *Motion to Remand*

      The Magistrate Judge found that Plaintiff pleaded federal claims in his Complaint, pursuant to RESPA, the FDCPA, HAMP, and TILA.  The Magistrate Judge recommended that Plaintiff's Motion to Remand be denied, and the Court finds no plain error in this recommendation.  See Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 386 (1998) ("We have suggested that the presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that a case be within the original jurisdiction of the district court for removal."); Lobo v. Celebrity Cruises, Inc., 704 F.3d 882, 891 (11th Cir. 2013) ("Where a plaintiff's well-pleaded complaint alleges a cause of action arising under federal law, subject matter jurisdiction exists for a federal court to determine whether the allegations entitle him to relief.")

2. *Motion to Dismiss*

The Magistrate Judge found that Plaintiff's Complaint is a rambling shotgun pleading, and that it does not contain facts sufficient to support a claim against Defendant.  He also found that the Complaint contains 72 "fact" paragraphs written in no particular order, and not connected to any of Plaintiff's "generalized allegations" against Defendant.  (R&R at 12.)  The Magistrate Judge recommended that Defendant's Motion to Dismiss be granted, and the Court finds no plain error in this recommendation.  See Cesnik v. Edgewood Baptist Church, 88 F.3d 902, 905 (11th Cir. 1996) (noting that shotgun pleadings are "framed in complete disregard of the principle that separate, discrete causes of action should be pled in separate counts"); Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (observing that, in shotgun pleadings, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief")

The Magistrate Judge also found that, even if Plaintiff had met the requirements for notice pleading, the theories alleged in his Complaint fail to state a claim upon which relief can be granted.

i. *Plaintiff's claim that Defendant must produce the promissory note*

Plaintiff claims that Defendant must produce the original promissory note to

complete the non-judicial foreclosure sale of the security deed.  The Magistrate Judge found that relief cannot be granted on this claim because possession of the promissory note is not necessary to complete a non-judicial foreclosure sale of a security deed.  The Magistrate Judge recommended that this claim be dismissed, pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See  You v. JP Morgan Chase Bank, 743 S.E. 2d 428, 433 (Ga. 2013) ("Under Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."); Harris v. Chase Home Fin., LLC, 524 F. App'x 590, 592 (11th Cir. 2013) (citing You, 743 S.E. 2d at 430-432).

> ii.   *Plaintiff's claim that the mortgage loan was improperly securitized and assigned*

Plaintiff alleges that MERS did not have the authority to assign his mortgage and that he was not informed that his loan may be securitized and sold.  The Magistrate Judge found that relief cannot be granted on this claim because MERS is the grantee under the security deed, to which Plaintiff expressly agreed, (see Def.'s ex. A [3-2] at 2), and because the securitization of Plaintiff's mortgage does not absolve Plaintiff from paying his loan obligation.  The Magistrate Judge recommended that this claim be dismissed, pursuant to Rule 12(b)(6), and the

Court finds no plain error in this recommendation.  See Montoya v. Branch

Banking & Trust Co., No. 1:11-CV-01869-RWS, 2012 WL 826993, at *6 (N.D.

Ga. March 9, 2012) ("Accepting as true Plaintiff's allegation regarding

securitization, the Court is unaware of any legal authority – and Plaintiff points to

none – that supports the proposition that the securitization of a debt relieves the

debtor of her obligation to repay.")

### iii.   *Plaintiff's claim that no debt exists*

Plaintiff alleges that he was not loaned any money, so he does not owe a

debt.  He therefore asserts that he has not defaulted on his mortgage and cannot be

foreclosed upon.  The Magistrate Judge found that relief cannot be granted on this

claim because Plaintiff did acknowledge his debt when he executed the note and

security deed.  (see Def.'s ex. A [3-2] at 2.)  The Magistrate Judge recommended

that this claim be dismissed, pursuant to Rule 12(b)(6), and the Court finds no

plain error in this recommendation.

### iv.   *Plaintiff's constitutional claims*

Plaintiff alleges that the foreclosure proceeding initiated on the property

amounts to a violation of the First, Fifth, Seventh, and Ninth Amendments to the

Constitution of the United States.  The Magistrate Judge found that relief cannot be

granted on this claim because an allegation of state action is required to state a

viable claim of violation of constitutional rights, and non-judicial foreclosure sales do not involve state action. The Magistrate Judge recommended that this claim be dismissed, pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See Crooked Creek Properties, Inc. v. Hutchinson, 432 F. App'x 948, 949-50 (11th Cir. 2011) (citing Roberts v. Cameron-Brown Co., 556 F.2d 356, 358-60 (5th Cir. 1977) (finding no state action in a private foreclosure sale).

v.     *Plaintiff's RESPA claim*

Plaintiff alleges that Defendant violated RESPA by responding to Plaintiff's Qualified Written Request ("QWR") to verify the mortgage debt in an incomplete fashion. The Magistrate Judge found that relief cannot be granted on this claim because (i) Plaintiff did not provide allegations about the content of his QWR, (ii) Plaintiff did not allege how Defendant's response to the QWR was incomplete, and (iii) Plaintiff did not attach copies of the mailing to his Complaint. The Magistrate Judge recommended that this claim be dismissed, pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See Arroyo v. Bank of Am., N.A., No. 1:13-CV-1767-RWS, 2013 WL 3785623, at *3 (N.D. Ga. July 18, 2013) (citing Jones v. Vericrest Fin., Inc., 1:11-CV-2330-TWT, 2011 WL 7025915, at *15 (N.D. Ga. 2011)) ("[I]n order to state a claim for a violation of [RESPA], a

plaintiff must allege facts to support that: (1) the defendant is a loan servicer, (2) the plaintiff sent the defendant a valid QWR, (3) the defendant failed to adequately respond within the statutory period of 20 days or 60 days, and (4) the plaintiff is entitled to actual or statutory damages."); 12 U.S.C. § 2605(e)(1)(A)-(B) (defining a valid QWR as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer," which (i) requests information relating to the servicing of a loan; (ii) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (iii) states the reasons for the borrower's belief that the account is in error, or provides sufficient detail to the servicer regarding other information sought by the borrower)

### vi.   *Plaintiff's FDCPA claim*

Plaintiff alleges that Defendant violated the FDCPA by not responding to Plaintiff's QWR. The Magistrate Judge found that relief cannot be granted on this claim because a mortgage foreclosure action is not debt collection activity under the FDCPA. The Magistrate Judge recommended that this claim be dismissed, pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation. See Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460-61 (11th Cir. 2009) (per curiam) (citing Chomilo v. Shapiro, Nordmyer & Zielke, LLP, No. 06-3103 (RHK/AJB), 2007 wl 2695795, AT *3-4 (D. Minn. Sept.

12, 2007) (finding that mortgage companies foreclosing on mortgages of real property fall "outside the ambit of the FDCPA")

### vii.   Plaintiff's HAMP claim

Plaintiff alleges Defendant violated his "rights to fair loan modification under [HAMP]." (R&R at 23.)  The Magistrate Judge found that relief cannot be granted on this claim because no private right of action exists under HAMP.  The Magistrate Judge recommended that this claim be dismissed, pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2011) (concluding that no private right of action exists under HAMP)

### viii.   Plaintiff's TILA claim

Plaintiff alleges Defendant violated TILA by failing to disclose to him that the debt had been "paid down" under the terms of the loan.  (R&R at 24.)  The Magistrate Judge found that relief cannot be granted on this claim because Plaintiff did not allege any other fact in connection to his TILA claim that would tend to show Defendant's liability.  The Magistrate Judge recommended that this claim be dismissed, pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.")

11

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield's

Order and Final Report and Recommendation [9] is **ADOPTED**.  Plaintiff Mircea

Tonea's Motion to Remand [5] is **DENIED**, and Defendant Bank of America,

N.A.'s Motion to Dismiss [3] is **GRANTED**.  This action is **DISMISSED WITH**

**PREJUDICE**.

**SO ORDERED** this 18th day of March, 2014.


WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE